PER CURIAM:
Claimants brought this action for damage to their 1995 Oldsmobile Cutlass which occurred when claimant Elizabeth Brooks was driving their vehicle and it struck a hole in the road on WV Route 75 in Lavalette, Wayne County. This portion of WV Route 75 is maintained by the respondent in Wayne County. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on May 17, 2000, at approximately 4:00 p.m. Mrs. Brooks was driving from work to her home in Lavalette on WV Route 75. It was a warm, dry, sunny day. Mrs. Brooks testified that there was heavy traffic on the road in both directions. She was traveling at approximately forty miles per hour which is within the posted speed limit. She drove around a curve when suddenly her vehicle struck a large hole. She testified that she saw the hole just before her vehicle struck it. She did not have adequate time to avoid striking it. She could neither maneuver into the other lane due to oncoming traffic nor could she maneuver onto the berm due to the size of the hole. The force of the impact damaged both the tire and the rim and knocked the vehicle out of alignment. Ms. Brooks submitted into evidence photographs which demonstrated that the hole extended into the travel portion of the road and totally covered the white line. The hole was approximately six feet in length and five and one-half inches deep. Claimants assert that respondent knew or should have known of this hole and that it presented a hazard to the traveling public. Claimants submitted repair bills totaling $577.02 in damages; however, they had insurance coverage with a $250.00 deductible which constitutes the limit of any recovery in this action.
Respondent asserts that it did not have notice of this particular hole nor a reasonable amount of time to make repairs. John M. Sammons testified that he has been employed by the respondent for approximately thirty years. He is currently the County Maintenance Supervisor in Wayne County. At the time of the incident at issue, he was a Permit Supervisor. He testified that he is very familiar with WV Route 75 in Lavalette. He stated that WV Route 75 has an average daily traffic rate of about 15,000 vehicles and that it is a heavily traveled road. He also testified that the condition of the road requires a lot of paving and his crew patched it twice by August 2001. Mr. Sammons stated that the portion of W V Route 75 he is responsible for maintaining has some edge failures where the road breaks away along the white line. Mr. Sammons inspected the records of complaints for the last six years regarding this portion of WV Route 75 and did not find any complaints regarding the particular location where this incident occurred. However, Mr. Sammons admitted that he travels this road daily, he passed this hole on numerous occasions, but he did not report it to his superiors.
It is a well established principle that the State is neitheran insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). For the respondent to be held liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable time to make adequate repairs. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). Although there was not actual notice of this particular hole according to the respondent’s records, there was certainly constructive notice. Claimant established the size of this hole and its location in the roadway. The Court, having reviewed the evidence in this claim is of the opinion that this particular hole on WV Route 75 presented a hazard to the traveling public.
Accordingly, the Court makes an award in this claim in the amount of $250.00, which is the amount of the claimants’ insurance deductible.
Award of $25 0.00.